**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **BENJAMIN NORTH,** ) | **Case  No. LA CV 14-00847 VBF (AJW)** |
| ) | |
| **Plaintiff,** ) | **ORDER** |
| ) | |
| **v.** ) | **Converting Dismissal of Action from** |
| ) | **Without Prejudice to With Prejudice** |
| ) | **as to Both Defendants in All Capacities;** |
| LINDA PERSONS (in her official capacity ) | |
| as Exec. Dir. of Atascadero State Hospital ) | Directing Entry of Separate Final Judgment; |
| and in her individual capacity), ) | |
| ) | **Terminating and Closing the Case (JS-6)** |
| and ) | |
| ) | |
| STIRLING PRICE (in his official capacity), ) | |
| ) | |
| Defendant. ) | |
| ———————————————— ) | |

Proceeding *pro se*, Benjamin North ("plaintiff") initiated this 42 U.S.C. § 1983 civil-rights action

by lodging the complaint in February 2014.  *See* Case Management / Electronic Filing System Documents

("Docs") 1 and 2.  Plaintiff claimed that Linda Persons (in her individual capacity and in her former official

capacity as Executive Director of Atascadero State Hospital) ("Persons") and Stirling Price (only in his

official capacity as successor to Persons as Executive Director of Atascadero State Hospital) ("Price")

violated his rights under the Fourteenth Amendment to the U.S. Constitution and the Americans with

Disabilities Act ("ADA").  Plaintiff seeks declaratory, injunctive, and monetary relief.

**According to the complaint (Doc 2 at 1-2), plaintiff is a civilly-committed insanity acquittee**

**who has been committed at ASH since 2007.**  Plaintiff and other ASH patients use a "Hospital Access System" ("HAS"), which assigns to each patient a numbered level that controls their hospital access and privileges and their movement within ASH.  A patient's HAS level may go up and down on a daily or weekly basis based on the patient's behavior.  The lowest HAS level is one, which restricts patient movement to the residential unit and allows movement off the unit only under direct staff supervision and escort, a status known as "one to one", *id.* at 2.  Plaintiff's has been assigned this restrictive level one for "over a year," resulting in his being restricted to the unit and affecting his movement to "necessary treatment groups", *id.* at 2 and 4.  Plaintiff has repeatedly asked for an increase in his HAS level, but his requests have been denied based on behavior that occurred well over a year before he filed the complaint, *see id.* at 2-3.

Plaintiff alleges that his level 1 classification violates his section 1983 equal protection rights because no other similarly situated person at ASH has been deprived of their liberty and had their movement restricted "for such old behavior as plaintiff." [Compl.3].  Plaintiff also alleges that due process for civilly committed persons dictates that a deprivation of liberty "must be both clinically indicated and must not exceed what is required for [the] safety and security of inmates and staff," and that defendant's actions in classifying plaintiff, or failing to prevent classification of plaintiff, at level 1 for such an extended period of time is not based on a clinical need and violates his due process rights. [Compl. 3-4].   Plaintiff further alleges that in "restricting his movement to necessary treatment groups" by means of his level 1 assignment, defendant has violated  plaintiff's constitutional right to treatment. [Compl. 4].


On May 20, 2015, counsel entered an appearance on behalf of defendant Price (allegedly the current executive director of Atascadero State Hospital) and filed a motion to dismiss the complaint in his official capacity only.  Defendant Persons (allegedly the former executive director of ASH) has never entered an appearance or filed anything in this case, either pro se or through counsel.


This action was filed on February 28, 2014 (Doc 2).  On June 17, 2014, the Magistrate Judge issued an order to show cause ("OSC") (Doc 5) noting that plaintiff was responsible for having the summons and complaint served within the time allowed, that nearly 120 days had elapsed since the complaint was filed, and that plaintiff had not filed a proof of service of the summons and complaint.  The Order (Doc 5) ordered

1   plaintiff to file proof of service of the summons and complaint upon defendant or, alternatively, to show

2   good cause for his failure to accomplish timely service of process, no later than July 17, 2014.  The OSC

3   (Doc 5) contained the following warning:  "Plaintiff is cautioned that failure to respond to this order within

4   the time allowed [by July 17, 2014], or failure to show good cause [for failing to prove valid and timely

5   service of process] as described in this order, may lead to the dismissal of this action."

6        Plaintiff timely responded to the June 17, 2014 OSC on July 9, 2014 by moving for an extension of

7   time to file proof of service (Doc 6).  On July 18, 2014, the Magistrate issued an Order (Doc 7) extending

8   plaintiff's OSC response deadline to September 5, 2014.  The Magistrate cautioned plaintiff, however, that

9   failure to comply within the time allowed could lead to the dismissal of this action, *see* Doc 7.

10

11        Plaintiff did not file proof of service by September 5, 2014 as directed.  Instead, on September 29,

12   2014, plaintiff filed a motion for a second extension (Doc 8).  By Order issued October 1, 2014 (Doc 9), the

13   Magistrate further extended plaintiff's OSC response deadline to November 5, 2014, again warning plaintiff

14   that his failure to comply within the time allowed could lead to dismissal of this action.

15        On October 23, 2014, plaintiff filed a request for an alias summons and a copy of his complaint

16   (Docs 10-11), explaining that his copies of those documents had been "misplaced."  By Order issued on

17   November 20, 2014 (Doc 12), the Magistrate granted plaintiff's request for an alias summons and *sua sponte*

18   extended plaintiff's deadline to file proof of service of the summons and complaint for a third time, to

19   December 12, 2014.  The Magistrate's third extension order (Doc 12) cautioned plaintiff yet again that

20   "failure to comply with this order within the time allowed may lead to dismissal of this action," and further

21   stated that "no further extension of time will be granted absent a showing of extraordinary circumstances."

22        By Order issued March 9, 2015 (Doc 19), the Magistrate granted plaintiff a fourth extension of time

23   to serve the summons and complaint, extending that deadline to April 9, 2015 and yet again warning plaintiff

24   that failure to timely comply could lead to dismissal.

25        **Plaintiff submitted documents in December 2014, April 2015, and May 2015 that appeared to**

26   **be attempts to show proof of service, but the Magistrate determined that all of those documents were**

27   **defective and refused to let them be filed.**  *See* Doc 13 (Dec. 12, 2014 Notice of Document Discrepancy)

28   ("No title of case listed.  Proof of service does not note what document was served.  Defendant being served

is the same as the person signing as the server. Second page shows plaintiff being served."); Doc 23 (April 30, 2015 Notice of Document Discrepancy) ("Document is an email from John Macdonald not plaintiff. No title page - Local Rul 11.-3.8 no title of the Court listed, no case number listed. Document does not state what is requested."); Doc 24 (May 12, 2015 Notice of Document Discrepancy) ("Proof of service does not indicate the complaint was served on defendant. Not on authorized Court form POS-010."); and Doc 25 (May 14, 2015 Notice of Document Discrepancy) ("Document appears to be a notice of proof of service but document attached is an email and not on authorized court form POS-010.").

After receiving the Notices identifying the defects in his putative "proof of service" filings, plaintiff did not try to correct those defects and file proper proof of service.

On May 20, 2015, defendant Price filed a motion to dismiss the complaint against him with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Plaintiff filed an opposition brief (Doc 32) and defendant Price filed a reply (Doc 33), and the motion was set for resolution without oral argument.

By Order issued February 4, 2016 (Doc 35), this case was reassigned from former District Judge Robert Timlin to the undersigned District Judge.

**On March 28, 2016, the undersigned Judge issued an Order (Doc 36) determining that plaintiff had not met his burden to timely serve Price and to file proof of service.** Therefore, per Fed. R. Civ. P. 4(m), the Court dismissed the complaint *without* prejudice as to Price in both capacities.

**The Magistrate promptly issued an Order (Doc 37) later that same day – March 28, 2016 – permitting plaintiff to file either an amended complaint or a notice of his intent not to amend, within twenty-one calendar days, i.e., by April 18, 2016.**

**The undersigned's March 28, 2016 Order Dismissing Defendant Price Without Prejudice (Doc 36) was returned to the Clerk's Office by the United States Postal Service on April 13, 2016 with the notation "Return to Sender - Not Deliverable as Addressed - Unable to Forward."** *See* Doc 38 (photocopy of envelope from Court to plaintiff bearing a March 29, 2016 Los Angeles Post Office postmark, a April 4, 2016 Santa Barbara Post Office postmark, an April 13, 2016 "Received" stamp from the Clerk's

Office, and an April 19, 2016 "Filed" stamp from the Clerk's Office).

**By contrast, for whatever reason, the Magistrate's March 28, 2016 Order Permitting Plaintiff to file An Amended Complaint or Notice of Non-Amendment within twenty-one days, has <u>not</u> been returned by the USPS.**   Absent record evidence to the contrary, therefore, the Court finds that plaintiff received the Magistrate's March 28, 2016 Order.  That Order advised plaintiff that he could file either an amended complaint or a notice of intent not to amend within 21 days, i.e., by April 18, 2016.

The Court also directed the Clerk's Office to mail another copy of the returned document to plaintiff at his address of record at Atascadero State Hospital.  The Court reasoned as follows:

> Absent additional evidence or clarification, the Court cannot ascertain with confidence whether plaintiff actually has moved to a new residence, either within the California State Hospital system or at liberty outside the system.
>
> It is possible that the USPS erroneously classified the envelope containing the undersigned's March 28, 2016 Order (Doc 36) as "Not Deliverable as Addressed."  That could occur either (1) because the USPS made a mistake or (2) because Atascadero State Hospital staff incorrectly told the USPS mail carrier that plaintiff was no longer living there when the carrier tried to deliver Doc 36.
>
> In that case, plaintiff was still living at ASH when the USPS tried to deliver Doc 36 to him, and may well still be living at ASH now.  To account for this possibility, the Court will direct the Clerk to again attempt to mail Doc 36 to plaintiff at his address of record at ASH.

Doc 39 at 5 n.2.

In order to meet the April 18 deadline, plaintiff had to get his envelope postmarked by midnight on Monday, April 18.  The Court assumed that if plaintiff had done so, his document would have been given to a mail carrier on Tuesday, April 19, 2016, *see* Doc 39 at 5.  For plaintiff's benefit, the Court further assumed that the document would not have arrived at the Clerk's Office until four days later, Saturday, April 23, and would not have been docketed until Tuesday, April 26, *see id.*  The Court waited until three weeks after plaintiff's deadline had elapsed and then issued an Order on May 20, 2016 stating as follows:

> Consequently, the Court finds that plaintiff did not submit anything to the Court in response to the Magistrate Judge's March 28, 2016 order – such as a first amended complaint, a notice stating his intent not to amend the complaint, or a motion for an extension of time – even though he apparently received that order.  (Moreover, plaintiff has not attempted to reinstate the action as to the dismissed defendant.)

Doc 39 at 6.  In fairness to plaintiff, the Court acknowledged that "[g]iven that the copy of the undersigned's March 28, 2016 Order dismissing one defendant without prejudice mailed to plaintiff's address of record was returned to the Clerk's Office 'undeliverable as addressed', the Court will assume *arguendo* that plaintiff has not received notice of that order and its content."  Doc 39 at 6.

The Court noted, though, that "[t]hat, however, appears to be the fault of plaintiff, because he did not apprise the Court of his apparent change of address", Doc 39 at 6.  The Court noted Local Civil Rule 41-6's provision that "If mail directed by a Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and, if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of Plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."  Doc 39 at 6-7 (quoting LCivR 41-6 and citing LCivR 41-1, Dismissal for Unreasonable Delay ("Civil suits which have been pending for an unreasonable period of time with any action having been taken therein may, after notice, be dismissed for want of prosecution.")).

**This Court's May 20, 2016 Order continued as follows:**

For plaintiff's sake, the Court will assume that the "service date" referred to by LCivR 41-6 was April 13, 2016 (when the USPS returned the March 28, 2016 Order docketed as Doc 36) – rather than the much earlier date when the Santa Barbara USPS post office near plaintiff's address of record postmarked the Doc 36 envelope.  Fifteen days after April 13 was Thursday, April 28, 2016.

Again for petitioner's sake, the Court assumes that if plaintiff had given the USPS a properly-addressed envelope with proper postage (containing a Change Of Address notice) late on Thursday, April 29, (1) the USPS would have postmarked it and given it to a mail carrier on Friday, April 30, (2) the Clerk would not have received it until Tuesday, May 3, and (3) the Clerk would not have docketed it until Wednesday, May 4, 2016.  That was more than two weeks ago.

**Accordingly, absent record evidence to the contrary, the Court finds that plaintiff did not mail a Change of Address notice to this Court, let alone within fifteen days of the date of service of the returned document as required by LCivR 41-6.  [footnote omitted]**

**"Importantly, this lapse alone warrants dismissal for failure to prosecute."** *Chavez v. Tews*, 2016 WL 769713, *3 n.1 (C.D. Cal. Feb. 3, 2016) (Gandhi, M.J.) (citing LCivR 41-6), *R&R adopted*, 2016 WL 777851 (C.D. Cal. Feb. 26, 2016) (Guilford, J.); *accord . . . .*

Doc 39 (Order issued May 20, 2016) at 7-8 (last paragraph break added).  The Court determined that if the

Rules authorized dismissal of the action for plaintiff's failure to update his address alone, then "*[a] fortiori*, dismissal of this action for lack of prosecution is warranted by plaintiff's violation of LCivR 41-6 *combined with* his failure to submit an amended complaint (or a notice of intent not to amend) by the court-ordered deadline *and* his failure to effectuate proper service of the existing complaint on one of the two defendants over a long period of time." Doc 39 at 8. **Similarly, the Court's May 20, 2016 Order concluded that "[o]n this record, the Ninth Circuit's established test for lack-of-prosecution dismissal is satisfied",** Doc 39 at 9-10 (reciting five-factor test set forth in *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988)), because "all five *Carey* factors weigh[ed] in favor of dismissal as a sanction for non-prosecution and failure to provide a new address in the wake of an apparent change of residence" Doc 39 at 11.

The body of this Court's May 20, 2016 Order concluded, "Today's Order will emphatically warn plaintiff that if he continues to disobey his obligations under the Local Rules or otherwise fails to prosecute this action further, he faces certain dismissal *with* prejudice." Doc 39 at 13. The Court dismissed the action without prejudice and ordered as follows:

> **No later than Tuesday, July 19, 2016, plaintiff MAY FILE a motion to reinstate this action**.
>
> –     If plaintiff timely files a motion to reinstate this action, the Court will issue an Order requiring the remaining defendant to respond to the motion and permitting plaintiff to reply.
>
> –     *If plaintiff does not file a timely motion to reinstate this action, the instant dismissal of this action may be converted to a dismissal with prejudice – as to both defendant Persons and defendant Price – on Monday, July 25, 2016 without further opportunity for objection or argument.*
>
> **If plaintiff files a motion to reinstate this action:**
>
> (1)     the motion must comply with applicable Federal Rules of Civil Procedure and Local Rules [footnote citing LCivR 41-2 through LCivR 41-4 and LCivR 83-1.3]
>
> (2)     the motion must confirm plaintiff's current address;
>
> (3)     the motion MAY ask the Court to grant plaintiff a *nunc pro tunc* (retroactive) extension of time in which to file an amended complaint.

Doc 39 (May 20, 2016 Order) at 13-14 (boldface in original, italics added).

On June 3, 2016 and June 8, 2016, the United States Postal Service returned as "undeliverable as

addressed" a document that the Clerk's Office had twice re-mailed to plaintiff at his Atascadero State Hospital address of record on about May 21, 2016:  the March 28, 2016 Order dismissing defendant Price without prejudice (Doc 31).  *See* Docs 41 and 42.

Plaintiff's July 19 reinstatement deadline elapsed two weeks ago and the Court has received no motion to reinstate and no other communication from plaintiff.  To meet the deadline, plaintiff merely had to have his reinstatement packet postmarked by midnight on Tuesday, July 19.  For plaintiff's sake, the Court charitably assumes that if he had done so, the packet would not have been given to a mail carrier until late Wednesday, July 20; would not have arrived at our Clerk's Office until Saturday, July 23; and would not have been docketed until Monday, July 25, and conveyed to chambers until Tuesday, July 26.  That was one week ago.

This Court warned plaintiff in its May 20, 2016 Order that if he did not "file a timely motion to reinstate this action, the instant dismissal of this action may be converted to a dismissal with prejudice – as to both defendant Persons and defendant Price – on Monday, July 25, 2016 without further opportunity for objection or argument", Doc 39 at 13-14.  The Court will now do precisely what it warned it would do: dismiss the action <u>with</u> prejudice.

ORDER

This action is **DISMISSED <u>WITH</u> PREJUDICE** as to both defendants in both their individual capacities and their official capacities.

Final judgment consistent with this Order shall be entered in favor of defendants and against plaintiff by separate document as required by Federal Rule of Civil Procedure 58(a).

This action **SHALL BE TERMINATED AND CLOSED (JS-6).**

Dated:  Tuesday, August 2, 2016

_____
VALERIE BAKER FAIRBANK
Senior United States District Judge